DUCKER, JUDGE:
This claim in the amount of $89.87 arose out of parachute exercises at Camp Dawson in Preston County, West Virginia, by personnel of Company F, 19th Special Forces Group of the West Virginia National Guard, on July 5, 1967, the parachute of one of the officers having drifted across open electric wire causing conductors between poles to burn necessitating immediate repairs, costing the amount alleged in the claim.
There is no dispute or denial of the alleged facts, but the claim was not filed in this Court until October 3, 1969, which was more than two years 'after the alleged cause of action arose. The cause of the delay in filing the claim in this court is explained in correspondence between claimant’s attorney and the Attorney General, which shows what may be considered at least an implied waiver, if not 'an express waiver, by the Attorney General of the statute of limitations.
It is fortunate that the amount of the claim is small, but that is not relevant to the question of law involved which is whether the statute of limitations can be waived so far as the jurisdiction of this Court is concerned.
The statute on this point, as set forth in Chapter 14, Article 2, Section 21 of the Code is in the following language:
“The court shall not take jurisdiction of any claim, whether accruing before or after the effective date of this article, unless notice of such claim be filed with the clerk within such period of limitation as would be applicable under ‘article two, chapter fifty-five of the code of West Virginia, one thousand nine hundred thirty-one, as amended, if the claim were against a private person, firm or *50 corporation and the constitutional immunity of the state from suit were not involved.”
From -the wording of this statute, this court is of the opinion that it does not have jurisdiction because of the application of the two year statute of limitations, and that without any special exception in the statute there is no express or implied right on the pant of any department of the state through its agents or attorneys to waive this jurisdictional restriction, for otherwise this Court’s jurisdiction could become unlimited and expanded at the will and discretion of any state agency. Of course, it is regrettable that there could have been any understanding between counsel to the effect that the statute was or could be waived, but this Court cannot change the law to honor anything contrary to the law. This provision is not unlike many other provisions of law fixing time limits for various procedures or proceedings. Consequently, this Court concludes that it must and does hereby dismiss the claim for lack of jurisdiction.
Case dismissed.